BANNING MICKLOW & BULL LLP
Edward M. Bull III, State Bar No. 141966
Jessica L. Voss, State Bar No. 247033
One Market, Steuart Tower, Suite 1440
San Francisco, California 94105
Telephone: (415) 399-9191
Facsimile: (415) 399-9192

Attorneys for Plaintiff
Samuel Garrett

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samuel Garrett,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Ship Management, Inc., Sea-Land Services, Inc, Maersk Lines, Limited and DOES 1-10, *in personam,* and M/V SEA-LAND EXPLORER and M/V SEA-LAND METEOR their engines, tackle, apparel, furniture, etc., *in rem,*<br><br>Defendants. | CASE NO. C 07 3318<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURIES: JONES ACT, UNSEAWORTHINESS AND MAINTENANCE AND CURE**<br><br>**In Admiralty and at Law**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**PLAINTIFF IS ENTITLED TO FILE THIS ACTION WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY THEREFOR (28 U.S.C. § 1916)** |

I.

INTRODUCTORY ALLEGATIONS

1. Plaintiff Samuel Garrett ("Plaintiff") was at all times herein mentioned a seaman within the meaning of the Jones Act and the general maritime law.

2. Plaintiff brings and maintains this action pursuant to the provisions of Section 33 of the Act of June 5, 1920, C. 250, 31 Stat. 1007, commonly known as the Jones Act, and under the General Maritime Law pursuant to the United States Constitution Article III, Section 2, and 28 U.S.C. Section 1333. The First Cause of Action is brought pursuant to the Jones Act; the Second and Third Causes of Action

pursuant to the general admiralty and maritime law. The Second and Third Causes of Action are admiralty or maritime claims within the meaning of Rule 9(h).

3.  Plaintiff is a citizen of the United States and is a resident of Sunnyvale, California.

4.  Plaintiff is informed and believes that at all times relevant Defendants U.S. Ship Management, Inc., Sea-Land Services, Inc. and Maersk Lines, Limited (collectively referred to herein as "Maersk") are and were corporations duly organized and existing under and by virtue of the laws of unknown states and at all relevant times herein were and are doing business in Northern District.

5.  All *in personam* Defendants have extensive contacts with this state, both specific and general, and/or have personally availed themselves of the benefits of doing business in this state and are thus subject to personal jurisdiction within the State of California. The Defendants are doing business in the Northern District of California and/or were doing business in this District at all relevant times, their ships regularly call ports in this District, and Plaintiff resides and has and continues to receive his medical care in this District, rendering this a proper venue for the prosecution of this action.

6.  At all times herein mentioned, the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR were United States flag vessels afloat upon navigable waters of the United States. Plaintiff is informed and believes that the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR will be within the boundaries of the United States District Court for the Northern District of California during the pendency of this action. To the extent not immediately served (i.e. arrested), Plaintiff hereby reserves all rights to effectuate such service and to pursue any and all *in rem* claims that may sound against such vessels in this District Court arising out of the claims asserted herein at any time or otherwise if need should arise to obtain security for the satisfaction of such claims or to compel the

attendance of any non-appearing *in personam* defendant. Any entities or persons with any ownership interest in such vessels are hereby put on notice of the assertion of a maritime lien against said vessels.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10 and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities if and when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

8. Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 10, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, successors in interest, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, successors in interest, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and thus are legally liable for damages resulting from the acts or omissions of the others.

II.

FIRST CLAIM FOR RELIEF

(Jones Act Negligence As To Maersk Only)

9. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 8 above.

10. At all times herein mentioned, Maersk owned, operated, managed, maintained, controlled, chartered and navigated the M/V SEA-LAND EXPLORER

and the M/V SEA-LAND METEOR.

11. On or about June 28 or 29, 2004, Plaintiff was employed by Maersk and was working aboard the M/V SEA-LAND EXPLORER as a QMED at the specific request and for the benefit of Maersk.

12. While carrying out his assigned duties and in the course and scope of his herein described employment as a seaman, Plaintiff was seriously injured while in the service of the M/V SEA-LAND EXPLORER. These injuries occurred while Plaintiff was attempting to enter the fiddley aboard said vessel. Plaintiff was injured through no fault of his own, but as a legal result of the negligence of Maersk.

13. On or about February 23, 2005, Plaintiff was employed by Maersk and was working aboard the M/V SEA-LAND METEOR as a QMED at the specific request and for the benefit of Maersk.

14. While carrying out his assigned duties and in the course and scope of his herein described employment as a seaman, Plaintiff was seriously injured while in the service of the M/V SEA-LAND METEOR. These injuries occurred while Plaintiff was working on the auxiliary boiler aboard said vessel. Plaintiff was injured through no fault of his own, but as a legal result of the negligence of Maersk.

15. Maersk was negligent in, among others, the following respects:

    a. In its failure to provide Plaintiff with a safe place to work, including failing to provide proper equipment, supervision and control, to ensure the removal of known hazards, in failing to provide safe means of access to the fiddley aboard the M/V SEA-LAND EXPLORER and in failing to properly depressurize the auxiliary boiler aboard the M/V SEA-LAND METEOR before assigning Plaintiff to work on said equipment;

    b. In its failure to exercise ordinary care under the circumstances to ensure that the personnel involved were properly trained,

equipped and supervised to ensure that they performed their duties with reasonable safety;

c. In giving orders and instructions or failing to give such orders and instructions to the personnel involved that put Plaintiff in danger of suffering serious bodily harm; and

d. In violating laws, statutes and regulations enacted to promote safety of workers, including seamen, and of life at sea.

16. Maersk further breached its duty of due care in that its work and training methods, equipment and gear were dangerous, defective and unfit for their intended purpose and employment.

17. As a legal result of the Defendant's negligence, Plaintiff sustained serious physical injuries, including a fracture to his left thumb and burns to both forearms.

18. As a further legal result of the negligence of the Defendants, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

19. As a further legal result of the Defendants' negligence, Plaintiff lost and will continue to lose wages, earnings, income, and earning capacity, which will be established at trial according to proof.

III.

SECOND CLAIM FOR RELIEF

(Unseaworthiness As to Maersk, the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR)

20. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 19, above.

21. At all times herein relevant, Plaintiff was acting in the service of the

M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, and was performing duties of the type traditionally performed by seamen.

22. At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Maersk, the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, and their agents, employees and servants, warranted to Plaintiff that the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, their decks, gear, equipment, appurtenances, tools, crew members, and work methods were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

23. Maersk, the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, and each of them, breached this warranty, as alleged *inter alia*, in that the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, their decks, gear, equipment, appurtenances, tools, crew members and work methods were neither seaworthy nor in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

24. As a legal result of these alleged breaches, Plaintiff sustained the injuries as set forth herein and suffered and continues to suffer the general and special damages as set forth herein.

IV.

THIRD CLAIM FOR RELIEF

(Maintenance and Cure As to Maersk, M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR)

25. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 24, above.

26. By reason of the actions set forth in the allegations above, Plaintiff was injured while in the service of the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, was disabled from employment, and was required to undergo

curative medical treatment. Plaintiff was, therefore, entitled to payment of all reasonable medical care ("cure") and a reasonable rate of daily "maintenance" (sufficient to cover room and board) from on or about August 4, 2004, until he has reached "maximum cure," a state were there can be no possible improvement in his physical condition by additional curative treatment, and from March 2, 2005, until he has reached "maximum cure."

27. Defendant Maersk paid maintenance to Plaintiff, but at an inadequate rate and for an inadequate period of time. Despite having knowledge of its duty under the law, Defendant Maersk wilfully, arbitrarily and capriciously failed to pay adequate maintenance and cure owed and continues to fail to pay all maintenance and cure owed. As a result of Defendant's wrongful conduct Plaintiff is entitled to recover compensatory and other damages against Defendants Maersk and the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, at least in the form of the attorney's fees and costs related in any way to the prosecution of Plaintiff's maintenance and cure claim.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR, their engines, tackle, apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that the M/V SEA-LAND EXPLORER and the M/V SEA-LAND METEOR be condemned and sold to satisfy Plaintiff's judgment;

2. That process in due form of law according to the practice of this Honorable Court issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid;

3. That Plaintiff may have judgment for his general, special and other allowable damages in an amount according to proof at trial;

4. That Plaintiff be awarded prejudgment interest on the amounts awarded;

5. That Plaintiff be awarded his costs of suit;

6. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper; and

7. That in addition to the foregoing prayer, Plaintiff be awarded attorney's fees and costs on the THIRD CLAIM FOR RELIEF.

DATED: June 21, 2007

BANNING MICKLOW & BULL LLP

By
Edward M. Bull III

Attorneys for Plaintiff
Samuel Garrett

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: June 21, 2007

BANNING MICKLOW & BULL LLP

By:
Edward M. Bull III

Attorneys for Plaintiff
Samuel Garrett