**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS, LLP**
Terence S. Cox (SBN 076142)
Marc T. Cefalu (SBN 203324)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant,
MAERSK LINE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL GARRETT, <br><br> Plaintiff, <br><br> v. <br><br> MAERSK LINE LIMITED and DOES 1 – 10, *in personam,* and M/V SEA-LAND EXPLORER and M/V SEA-LAND METEOR their engines, tackle, apparel, furniture, etc., *in rem*, <br><br> Defendants. | Case No.: C 07 3318 MJJ <br><br> **THE PARTIES JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> **Date: October 23, 2007** <br> **Time: 2:30 p.m.** <br> **Place: Courtroom 11** |

The parties to the above-captioned matter submit this Joint Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this action.

The undersigned certify that they are the lead counsel who will try this case and that they have met and conferred for the preparation of this Statement as required by Local Rules of Court.

1. **Jurisdiction and Venue**

Mr. Garrett has filed suit for negligence pursuant to the Jones Act, 46 U.S.C. §§ 688 *et. seq.*, unseaworthiness, and maintenance and cure pursuant to the general maritime law, and 28 U.S.C. § 1333 against Maersk Line Ltd. and the vessels *M/V Sea-Land Explorer* and

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-1-   Case No. C 07 3318 MJJ
THE PARTIES JOINT CASE MANAGEMENT CONFERENCE STATEMENT

*M/V Sea-Land Meteor.* Jurisdiction and venue is proper within this district. The vessels have not yet been served with process.

The plaintiff originally named U.S. Ship Management, Inc., and Sea-Land Services, Inc., as additional defendants in this action. The parties submitted a stipulated dismissal of those defendants to the Court and the Order dismissing those defendants, without prejudice, was filed on September 11, 2007.

**2.  Facts**

This is a Jones Act and general maritime law personal injury action brought by Samuel Garrett as the result of two separate incidents aboard two of the defendant's vessels during the course and scope of his employment. The first incident was alleged to have occurred on or about June 28, 2004 when the plaintiff contends he injured his left thumb while opening a door. The second incident occurred on about February 23, 2005 when the plaintiff suffered steam burns to both forearms while performing work in the *M/V Sea-Land Meteor's* engine room.

The factual issues in dispute include the following:

1) The circumstances and causes of the injuries the plaintiff claims he suffered.
2) The nature and extent of plaintiff's injuries and disability.
3) The nature and extent of plaintiff's wage loss claim.
4) The nature and extent of plaintiff's medical expense claim.
5) The parties reserve the right to supplement this list as facts become known through discovery.

**3.  Legal Issues**

The legal issues in dispute include the following:

1) Whether the defendant, was negligent.
2) Whether the *M/V Sea-Land Meteor* was unseaworthy.
3) Whether the *M/V Sea-Land Explorer* was unseaworthy.
4) Whether the plaintiff was negligent.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

        5)      The parties reserve the right to supplement this list as facts become known through discovery.

### 4. Motions

There are no currently pending motions. The parties do not anticipate filing any motions at this time.

### 5. Amendment of Pleadings

At this time the parties do not anticipate any amendment of the pleadings. However, the parties previously agreed that the plaintiff, at his sole discretion, will be entitled to further amend the Complaint naming U.S. Ship Management, Inc., and Sealand Services, Inc., [the defendants which were previously dismissed] as individual defendants should he conclude in good faith that the evidence warrants his including those two defendants as parties to the action. Any such amendment shall be made, filed and served at least thirty-five (35) days prior to the close of discovery as set by the Court, may be personally served on defense counsel and will require a responsive pleading to be filed by said defendants within two weeks of said service.

### 6. Evidence Preservation

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

### 7. Disclosures

The parties will timely exchange their initial disclosures pursuant to Federal Rule of Civil Procedure 26, including the identities of potential witnesses and identification [and/or exchange] of documents which may be relevant to the action.

### 8. Discovery

The parties have not yet exchanged written discovery. Discovery will be needed on the following subjects: Liability, damages, and medical causation. The parties propose a maximum of 40 interrogatories by each party to any other party; a maximum of 12 depositions by plaintiff and 12 depositions by defendant, with each deposition limited to a

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-3-     Case No. C 07 3318 MJJ
THE PARTIES JOINT CASE MANAGEMENT CONFERENCE STATEMENT

maximum of six hours unless extended by agreement of the parties. The following depositions are anticipated: the plaintiff, the officers and crew the subject vessels, plaintiff's medical providers and expert witnesses.

The parties do not expect any special discovery issues. However, the percipient witnesses to these incidents are all merchant seamen who are often unavailable for long periods of time at sea. The scheduling of depositions, therefore may be more difficult than in a typical case due to witness unavailability.

**9.   Class Actions**

This is not a class action.

**10.   Related Cases**

There are no related cases.

**11.   Relief**

The plaintiff seeks general and special damages as a result of the incident in an amount according to proof at trial. The plaintiff also seeks an award of attorneys fees and costs based upon his third claim of relief for maintenance and cure.

**12.   Settlement and ADR**

The parties believe that this case is appropriate for referral to a U.S. Magistrate Judge for a Settlement Conference. The parties have requested an ADR teleconference which is scheduled for October 18, 2007 at which time the parties will jointly request referral to a settlement conference. The defendant contends that the key discovery to be completed before a meaningful Settlement Conference can take place is the exchange of initial written discovery, the plaintiff's deposition, and the depositions of the plaintiff's primary treating physicians. The Plaintiff also anticipates the need to complete one or two depositions of yet to be identified fellow crew/officers and possibly the inspection of one or both of the vessels prior to the settlement conference. The parties anticipate that the key discovery can be completed within 90 to 120 days to allow for a Settlement Conference to be scheduled within that time frame.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-4-   Case No. C 07 3318 MJJ
THE PARTIES JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**13. Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct further proceedings.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master or to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties believe it is premature to address a narrowing of issues at this time.

**16. Expedited Schedule**

The parties do not believe this is the type of case that can be handled on an expedited basis given the facts that the action is based upon two alleged incidents aboard different vessels, with many different witnesses who are often away at sea for long periods of time.

**17. Scheduling**

The parties suggest the following schedule:

| | |
|---|---|
| A seven day trial is scheduled to begin: | November 10, 2008. |
| Pre Trial Conference: | October 28, 2008 at 3:30 p.m. |
| Close of expert discovery: | October 3, 2008. |
| Last Day to Hear Dispositive Motions: | September 23, 2008. |
| Simultaneously exchange expert reports: | August 15, 2008. |
| Close of fact discovery: | August 8, 2008. |

**18. Trial**

The parties anticipate a seven to ten day jury trial. As set forth above, the defendant requests that trial in this matter not be set before November 10, 2008. Counsel for the defendant will be on sabbatical between June 16 and August 22, 2008 and will therefore be unavailable for any trial settings during that time.

///

///

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

**19.  Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, the undersigned certify that as of this date, other than the named parties, there is no such interest to report

Dated:  October 16, 2007         BANNING, MICKLOW & BULL
                                 Attorneys for Plaintiff
                                 SAMUEL GARRETT


                                 By ____/S/_____
                                       Edward M. Bull, III


Dated:  October 16, 2007         COX, WOOTTON, GRIFFIN,
                                 HANSEN & POULOS, LLP
                                 Attorneys for Defendant,
                                 MAERSK LINE, LTD.


                                 By: ____/S/_____
                                       Terence S. Cox

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520