**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS, LLP**
Terence S. Cox (SBN 076142)
Marc T. Cefalu (SBN 203324)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant,
MAERSK LINE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL GARRETT, ) ) Plaintiff, ) ) v. ) ) MAERSK LINE LIMITED and DOES 1 – 10, *in personam,* and M/V SEA-LAND EXPLORER and M/V SEA-LAND METEOR their engines, tackle, apparel, furniture, etc., *in rem*, ) ) ) ) ) ) ) Defendants. ) _____ ) | Case No.:  C 07 3318 VRW<br><br>**THE PARTIES JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:  May 1, 2008**<br>**Time:  3:30 p.m.**<br>**Place:  Courtroom 6** |

The parties to the above-captioned matter submit this Joint Case Management Conference Statement.  This matter was originally assigned to Magistrate Judge Edward Chen, then reassigned to the Honorable Martin J. Jenkins on August 31, 2007.  This matter was subsequently reassigned to this Honorable Court on February 15, 2008.

The undersigned certify that they are the lead counsel who will try this case and that they have met and conferred for the preparation of this Statement as required by Local Rules of Court.

1. **Jurisdiction and Venue**

Mr. Garrett has filed suit for negligence pursuant to the Jones Act, 46 U.S.C. §§ 688 *et. seq.*, unseaworthiness, and maintenance and cure pursuant to the general maritime law,

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

and 28 U.S.C. § 1333 against Maersk Line Ltd. and the vessels *M/V Sea-Land Explorer* and *M/V Sea-Land Meteor*. Jurisdiction and venue is proper within this district. The vessels have not yet been served with process.

The plaintiff originally named U.S. Ship Management, Inc., and Sea-Land Services, Inc., as additional defendants in this action. The parties submitted a stipulated dismissal of those defendants to the Court and the Order dismissing those defendants, without prejudice, was filed on September 11, 2007.

**2.    Facts**

This is a Jones Act and general maritime law personal injury action brought by Samuel Garrett as the result of two separate incidents aboard two of the defendant's vessels during the course and scope of his employment. The first incident was alleged to have occurred on or about June 28, 2004 when the plaintiff contends he injured his left thumb while opening a door. The second incident occurred on about February 23, 2005 when the plaintiff suffered steam burns to both forearms while performing work in the *M/V Sea-Land Meteor's* engine room.

The factual issues in dispute include the following:

1) The circumstances and causes of the injuries the plaintiff claims he suffered.
2) The nature and extent of plaintiff's injuries and disability.
3) The nature and extent of plaintiff's wage loss claim.
4) The nature and extent of plaintiff's medical expense claim.
5) The parties reserve the right to supplement this list as facts become known through discovery.

**3.    Legal Issues**

The legal issues in dispute include the following:

1) Whether the defendant, was negligent.
2) Whether the *M/V Sea-Land Meteor* was unseaworthy.
3) Whether the *M/V Sea-Land Explorer* was unseaworthy.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-2-    Case No. C 07 3318 VRW
THE PARTIES JOINT CASE MANAGEMENT CONFERENCE STATEMENT

    4)  Whether the plaintiff was negligent.

    5)  The parties reserve the right to supplement this list as facts become known through discovery.

### 4. Motions

There are no currently pending motions. The parties do not anticipate filing any motions at this time.

### 5. Amendment of Pleadings

At this time the defendant intends to file an Amended Answer to the Complaint. The parties have stipulated to the filing of the Amended Answer. The parties do not anticipate any further amendment of the pleadings at this time. However, the parties previously agreed that the plaintiff, at his sole discretion, will be entitled to further amend the Complaint naming U.S. Ship Management, Inc., and Sealand Services, Inc., [the defendants which were previously dismissed] as individual defendants should he conclude in good faith that the evidence warrants his including those two defendants as parties to the action. Any such amendment shall be made, filed and served at least thirty-five (35) days prior to the close of discovery as set by the Court, may be personally served on defense counsel and will require a responsive pleading to be filed by said defendants within two weeks of said service.

### 6. Evidence Preservation

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

### 7. Disclosures

The parties have timely exchanged their initial disclosures pursuant to Federal Rule of Civil Procedure 26, including the identities of potential witnesses and identification [and/or exchange] of documents which may be relevant to the action.

### 8. Discovery

The parties have exchanged their initial sets of written discovery and records from several of the plaintiff's medical providers have been subpoenaed. Discovery will be

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

needed on the following subjects: Liability, damages, and medical causation. The parties previously proposed a maximum of 40 interrogatories by each party to any other party; a maximum of 12 depositions by plaintiff and 12 depositions by defendant, with each deposition limited to a maximum of six hours unless extended by agreement of the parties. The Honorable Martin J. Jenkins issued a Pretrial Order limiting the parties to ten depositions per party. The following depositions are anticipated: the plaintiff, the officers and crew the subject vessels, plaintiff's medical providers and expert witnesses.

The parties do not expect any special discovery issues. However, the percipient witnesses to these incidents, including the plaintiff, are all merchant seamen who are often unavailable for long periods of time at sea. In fact, the plaintiff has only recently returned from a shipping rotation during which time he was unavailable for approximately 140 days while working at sea. The scheduling of depositions, therefore may be more difficult than in a typical case due to witness unavailability.

**9.  Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief**

The plaintiff seeks general and special damages as a result of the incident in an amount according to proof at trial. The plaintiff also seeks an award of attorneys fees and costs based upon his third claim of relief for maintenance and cure.

**12. Settlement and ADR**

The parties believe that this case is appropriate for referral to a U.S. Magistrate Judge for a Settlement Conference. The Honorable Martin J. Jenkins referred this matter to a Settlement Conference and ordered that it take place by October 2008. The defendant contends that the key discovery to be completed before a meaningful Settlement Conference can take place is the exchange of initial written discovery, the plaintiff's deposition, and the depositions of the plaintiff's primary treating physicians (for the two injuries he is seeking

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

1   damages for in this lawsuit). The Plaintiff also anticipates the need to complete one or two
2   depositions of yet to be identified fellow crew/officers and possibly the inspection of one or
3   both of the vessels prior to the settlement conference. The parties anticipate that the key
4   discovery can be completed within 90 to 120 days to allow for a Settlement Conference to
5   be completed by October 2008.

6   **13.   Consent to Magistrate Judge for All Purposes**

7   The parties do not consent to have a magistrate judge conduct further proceedings.

8   **14.   Other References**

9   The parties do not believe that this case is suitable for reference to binding
10  arbitration, a special master or to the Judicial Panel on Multidistrict Litigation.

11  **15.   Narrowing of Issues**

12  The parties believe it is premature to address a narrowing of issues at this time.

13  **16.   Expedited Schedule**

14  The parties do not believe this is the type of case that can be handled on an
15  expedited basis given the facts that the action is based upon two alleged incidents aboard
16  different vessels, with many different witnesses who are often away at sea for long periods
17  of time.

18  **17.   Scheduling**

19  The Honorable Martin J. Jenkins in his Pretrial Order filed on October 24, 2007 set
20  the following schedule:

21  A ten day jury trial to begin:              November 10, 2008.
22  Pre Trial Conference:                       November 4, 2008 at 3:30 p.m.
23  Non-expert discovery cutoff:                August 29, 2008.
24  Designation of experts                      September 5, 2008
25  Expert Reports:                             September 12, 2008
26  Designation of Supplemental/Rebuttal experts:   September 26, 2008
27  Supplemental/Rebuttal Reports:              September 26, 2008
28  Expert discovery cutoff:                    October 3, 2008

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

| | | |
|---|---|---|
| 1 | Dispositive Motions to be heard by: | October 28, 2008 |
| 2 | Settlement Conference before Magistrate Chen: | By October 2008 |

4  The parties realize that the Court may not be able to accommodate the schedule ordered by the Honorable Martin J. Jenkins. The parties are therefore prepared to discuss the scheduling for this case with Your Honor at the upcoming Case Management Conference.

**18.  Trial**

The parties anticipate a seven to ten day jury trial. As set forth above, a trial date has already been set for November 10, 2008. However, to the extent that the Court will be resetting the trial date, the parties request that the trial date not be reset until at least mid-January 2009 due to personal commitments in the latter half of November and December.

**19.  Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, the undersigned certify that as of this date, other than the named parties, there is no such interest to report

Dated:  April 23, 2008
BANNING, MICKLOW & BULL
Attorneys for Plaintiff
SAMUEL GARRETT

By     /S/ Edward M. Bull, III
          Edward M. Bull, III

Dated:  April 23, 2008
COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendant,
MAERSK LINE, LTD.

By:     /S/ Terence S. Cox
          Terence S. Cox

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520