**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Terence S. Cox (SBN 076142)
Marc T. Cefalu (SBN 203324)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant,
MAERSK LINE, LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL GARRETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. SHIP MANAGEMENT, INC., ) <br> SEALAND SERVICES, INC., MAERSK ) <br> LINE LIMITED and DOES 1 – 10, *in* ) <br> *personam,* and M/V SEA-LAND ) <br> METEOR their engines, tackle, apparel, ) <br> furniture, etc., *in rem*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 07 3318 VRW <br><br> **MAERSK LINE, LIMITED'S FIRST AMENDED ANSWER TO PLAINTIFF SAMUEL GARRETT'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES** |

     Defendant Maersk Line, Limited ["Defendant"], by and through its attorneys, hereby submits its First Amended Answer to Plaintiff Samuel Garrett's First Amended Complaint for Personal Injuries: Jones Act, Unseaworthiness and Maintenance and Cure ["Complaint"] as follows:

**<u>INTRODUCTORY ALLEGATIONS</u>**

    1.    Answering Paragraph 1 of the Complaint, the Defendant admits the allegations contained in that paragraph.

    2.    Answering Paragraph 2 of the Complaint, to the extent Plaintiff predicates this Court's jurisdiction on the Jones Act, 46 U.S.C. § 688, Article III, Section 2 of the United States Constitution, and 28 U.S.C. section and 1333, this Defendant lacks sufficient

MAERSK.Garrett/2520

-1-    Case No. C 07 3318 VRW
DEFENDANT MAERSK LINE, LIMITED'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1  information and belief to respond to such allegations, and on that basis denies the same.
2  This Defendant further answers that to the extent that Plaintiff predicates this Court's
3  jurisdiction pursuant to statutes providing jurisdiction based on diversity, maritime, and
4  supplemental bases, Defendant lacks sufficient information and belief to respond to such
5  allegations, and on that basis denies the same.

6        3.     Answering Paragraph 3 of the Complaint, this Defendant lacks sufficient
7  information and belief to respond to the allegations that the plaintiff is a resident of San
8  Francisco, California and on that basis denies the same.

9        4.     Answering Paragraph 4 of the Complaint, this Defendant admits that it is a
10 corporation duly organized and existing and at relevant times herein doing business in the
11 Northern District of California.  This Defendant lacks sufficient information and belief to
12 respond to the remaining allegations contained in Paragraph 4 of the Complaint, and on that
13 basis denies the same.

14       5.     Answering Paragraph 5 of the Complaint, this Defendant admits that it has
15 contacts within the State of California and that venue is proper in the Northern District of
16 California.  As to the remaining allegations contained in Paragraph 5 of the Complaint, this
17 Defendant lacks sufficient information and belief to respond to those allegations, and on that
18 basis denies the same.

19       6.     Answering Paragraph 6 of the Complaint, this Defendant lacks sufficient
20 information and belief to respond to the allegations contained in that paragraph and on that
21 basis denies the same.

22       7.     Answering Paragraph 7 of the Complaint, Paragraph 7 contains no charging
23 allegations against this Defendant.  To the extent that Paragraph 7 of the Complaint can be
24 construed as containing charging allegations against this Defendant, this Defendant denies
25 those allegations.

26       8.     Answering Paragraph 8 of the Complaint, Defendant denies the allegations
27 contained in that paragraph.
28 ///

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

## **FIRST CLAIM FOR RELIEF**

### (<u>Jones Act Negligence As to Maersk Only</u>)

9. Answering Paragraph 9 of the Complaint, Paragraph 9 of the Complaint is an incorporation paragraph and therefore requires no response from this Defendant. To the extent that Paragraph 9 of the Complaint can be construed as containing charging allegations against this Defendant, this Defendant denies those allegations.

10. Answering Paragraph 10 of the Complaint, defendant Maersk Line, Ltd., admits that it maintained, operated and controlled the *M/V Sea-Land Explorer* and the *M/V Sea-Land Meteor* on the dates of the alleged incidents. As to the remaining allegations contained in Paragraph 10 of the Complaint, this Defendant lacks sufficient information and belief to respond to those allegations and on that basis denies the same.

11. Answering Paragraph 11 of the Complaint, this Defendant admits that the plaintiff was working aboard the *M/V Sea-Land Explorer* on or about June 28 or 29, 2004.

12. Answering Paragraph 12 of the Complaint, this Defendant denies the allegations contained in that paragraph.

13. Answering Paragraph 13 of the Complaint, this Defendant admits that the plaintiff was working aboard the *M/V Sea-Land Meteor* on or about February 23, 2005.

14. Answering Paragraph 14 of the Complaint, this Defendant denies the allegations contained in that paragraph.

15. Answering Paragraph 15 of the Complaint, this Defendant denies the allegations contained in that paragraph.

16. Answering Paragraph 16 of the Complaint, this Defendant denies the allegations contained in that paragraph.

17. Answering Paragraph 17 of the Complaint, this Defendant denies the allegations contained in that paragraph.

18. Answering Paragraph 18 of the Complaint, this Defendant denies the allegations contained in that paragraph.

19. Answering Paragraph 19 of the Complaint, this Defendant denies the

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

allegations contained in that paragraph.

## SECOND CLAIM FOR RELIEF

### (Unseaworthiness as to Maersk, the *M/V Sea-Land Explorer* and the *M/V Sea-Land Meteor*)

20. Answering Paragraph 20 of the Complaint, Paragraph 20 of the Complaint is an incorporation paragraph and therefore requires no response from Defendant. To the extent that Paragraph 20 of the Complaint can be construed as containing charging allegations against this Defendant, this Defendant denies those allegations.

21. Answering Paragraph 21 of the Complaint, this Defendant lacks sufficient information and belief to respond to the allegations contained in that paragraph and on that basis denies the same.

22. Answering Paragraph 22 of the Complaint, this Defendant lacks sufficient information and belief to respond to the allegations contained in that paragraph and on that basis denies the same.

23. Answering Paragraph 23 of the Complaint, this Defendant denies the allegations contained in that paragraph.

24. Answering Paragraph 24 of the Complaint, this Defendant denies the allegations contained in that paragraph.

## THIRD CLAIM FOR RELIEF

### (Maintenance and Cure as to Maersk, *M/V Sea-Land Explorer* and the *M/V Sea-Land Meteor*)

25. Answering Paragraph 25 of the Complaint, Paragraph 25 of the Complaint is an incorporation paragraph and therefore requires no response from Defendant. To the extent that Paragraph 25 of the Complaint can be construed as containing charging allegations against this Defendant, this Defendant denies those allegations.

26. Answering Paragraph 26 of the Complaint, this Defendant denies the allegations contained in that paragraph.

27. Answering Paragraph 27 of the Complaint, this Defendant admits that it

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-4-   Case No. C 07 3318 VRW
DEFENDANT MAERSK LINE, LIMITED'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

provided the plaintiff with maintenance payments.  As to the remaining allegations contained in Paragraph 27 of the Complaint, this Defendant denies those allegations.

### AFFIRMATIVE DEFENSES

### Failure to State a Cause of Action

1.      As a first affirmative defense, Defendant alleges that neither the Complaint nor any of the claims therein state facts sufficient to constitute a cause of action.

### Comparative Negligence

2.      As a second affirmative defense, Defendant alleges that the injuries and damages complained of by Plaintiff, if any there were, were directly and proximately caused, either wholly or in part, by the negligence of persons or entities other than Defendant, and that that negligence is either imputed to Plaintiff by reason of the relationship between Plaintiff and those other persons or entities, or comparatively reduces the proportion of negligence and corresponding liability of Defendant.

### Contributory Negligence

3.      As a third affirmative defense, Defendant alleges that Plaintiff was negligent in and about the matters alleged in the Complaint, and each cause of action therein, and that such negligence contributed directly and proximately to the alleged incident giving rise to the Complaint and the damages alleged therein.

### Failure to Mitigate

4.      As a fourth affirmative defense, Defendant alleges upon information and belief that Plaintiff has unreasonably failed to act in such a manner as to mitigate the damages of which he complains, if any there were.

### Statute of Limitations
### (3 years)

5.      As a fifth affirmative defense, Defendant alleges that Plaintiff's Complaint, and the claims and causes of action contained therein are barred by the applicable statute of limitations.

///

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-5-     Case No. C 07 3318 VRW
DEFENDANT MAERSK LINE, LIMITED'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

**Laches**

6.      As a sixth affirmative defense, Defendant alleges that Plaintiff has unreasonably delayed notifying the Defendant of his claim alleged in the Complaint and has unreasonably delayed in prosecuting the claim after the alleged cause of action arose; that by reason of such delay, recollections of witnesses have become unclear, witnesses have become unavailable; that such delay has prejudiced the Defendant in preparing and presenting its defenses herein; and that by reason of the premises, Plaintiff's claims and actions thereon are barred by laches.

**Walker Doctrine**

7.      As a seventh affirmative defense, Defendant alleges that the unseaworthy condition of which Plaintiff complains, if any, was due wholly and solely to Plaintiff's failure to perform one or more duties assigned to him.

**Liability for Non-Economic Damages**

8.      As an eighth affirmative defense, Defendant alleges that if they are ultimately found to have been negligent in this case (which supposition is denied and merely stated for the purpose of this affirmative defense), Defendant contends that its liability, if any, for non-economic damages shall be several pursuant to the California Fair Responsibility Act of 1986 (proposition 51), including but not limited to California Civil Code §§ 1430 *et seq.*, so that Defendant shall be liable only for the amount of non-economic damages allocated to Defendant in direct proportion to their percentage of fault, if any, and that a separate judgment, if any, should be rendered against each Defendant for such an amount.

///
///
///
///
///
///
///
///

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-6-   Case No. C 07 3318 VRW
DEFENDANT MAERSK LINE, LIMITED'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

**REQUESTED RELIEF**

WHEREFORE, Defendant hereby requests that: (1) Plaintiff take nothing by reason of the Complaint, (2) the Complaint and each cause of action alleged therein be dismissed with prejudice and at Plaintiff's cost, (3) judgment enter in favor of Defendant, including costs of suit, and (4) such other and further relief as the Court deems just and proper.

Dated: May 2, 2008        COX, WOOTTON, GRIFFIN,
                          HANSEN & POULOS, LLP
                          Attorneys for Defendant,
                          MAERSK LINE, LIMITED


                          By: _____/S/_____
                              Marc T. Cefalu

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-7-    Case No. C 07 3318 VRW
DEFENDANT MAERSK LINE, LIMITED'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES