**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Terence S. Cox (SBN 076142)
Marc T. Cefalu (SBN 203324)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant,
MAERSK LINE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL GARRETT,<br><br>    Plaintiff,<br><br>  v.<br><br>MAERSK LINE LIMITED and DOES 1 – 10, *in personam,* and M/V SEA-LAND EXPLORER and M/V SEA-LAND METEOR their engines, tackle, apparel, furniture, etc., *in rem*,<br><br>    Defendants. | Case No.:  C 07-03318 VRW<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE TRIAL DATE AND RELATED DEADLINES** |

## STIPULATION

IT IS HEREBY STIPULATED by the parties to this action by and through their respective counsel that ***good cause*** exists to continue the Pretrial Conference date of November 6, 2008, the Jury Selection date of November 10, 2008 and the Trial Date of November 12, 2008, 2008, by approximately 90 to 120 days, so that trial may begin to March 2, 2009 (a date which the parties understand is convenient to the Court's calendar) and to continue the pretrial deadlines to dates commensurate with the new trial date ***in the interests of justice*** based upon the following:

(1) This case involves a Jones Act seaman, Samuel Garrett, who alleges that he suffered two injuries on two separate dates aboard separate ships while

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-1-     Case No. C 07-03318 VRW
STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE TRIAL DATE AND RELATED DEADLINES

employed by the defendant Maersk Line Limited ("MLL").  The first alleged incident occurred on or about June 28 or 29, 2004 while Mr. Garrett was working aboard the *M/V SeaLand Explorer* when he allegedly sustained injuries to his left thumb.  The second incident occurred on February 23, 2005 aboard the *M/V SeaLand Meteor* when Mr. Garrett suffered steam burns to both forearms while he was removing a blank at the base of a boiler for cleaning purposes;

(2) The plaintiff is a merchant seaman who sails as a Qualified Member of the Engine Department ("QMED") and/or engineer aboard ocean going vessels.  By the nature of the plaintiff's work at sea, he is often unavailable while at sea for months on end;

(3) The plaintiff has for the most part been unavailable at sea or out of the country for the last *nine months* and as a result the defendant's counsel has not had the opportunity to depose him;

(4) The plaintiff has been at sea since approximately May 26, 2008 and he is not expected to be discharged from his current employment until the end of September 2008 at which time he will be deposed;

(5) The defendant will not learn until the plaintiff's deposition has been completed the plaintiff's version of the facts as to how each of these incidents occurred, the witnesses he claims has knowledge of those facts, and the nature and extent of any residual complaints and/or limitations the plaintiff may continue to suffer.  It will also not be until that time that the parties will learn which additional persons must be deposed relating to the plaintiff's various claims.  Many of those people will almost certainly be seamen co-workers of Mr. Garrett who are at sea and will not be returning for months for the parties to be able to depose them;

(6) Because this lawsuit involves two incidents that occurred aboard separate vessels (which for the most part also involved different crewmembers), this

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

case poses even more logistical problems in terms of completing percipient witness discovery than would be the case in an "ordinary" Jones Act seaman case involving only one incident and one ship. The "ordinary" Jones Act case in and of itself often presents more difficulties in completing discovery than does a typical shoreside case where the witnesses are likely available throughout the course of the litigation rather than being unavailable while at sea. Here, with two incidents aboard two ships, the scheduling the witness depositions becomes even more difficult;

(7) As a result of the above, the parties and counsel have been unable to complete percipient witness discovery due, for the most part, to the unavailability of the plaintiff and his co-workers as well as the result of conflicts between counsel's schedules;

(8) Additionally, although the plaintiff has returned to work, it remains to be seen whether his condition has sufficiently plateaued or whether he will require additional treatment in the future;

(9) Both parties therefore must undertake further discovery which will involve the completion of the plaintiff's deposition, deposing Mr. Garrett's treating physicians for both his steam burn injuries and his orthopedic thumb complaints as well as scheduling an Independent Medical Examination (or perhaps two evaluations given the alleged injuries to multiple body parts). This discovery will have to be completed so that both parties will be able to properly evaluate Mr. Garrett's general and economic damages claims. All of that testimony and evidence must then be provided to vocational rehabilitation experts and economists who in turn will have to be deposed once they have produced their reports;

(10) The issues outlined above cannot be properly evaluated until all this discovery has been completed and therefore **both parties** agree that **good cause exists** for the requested continuance; and

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

(11)   There have been no previous requests for a trial continuance.

## **OTHER CONSIDERATIONS**

Counsel are currently adverse to one-another in several pending maritime actions and have an excellent working relationship as far as scheduling matters in the most efficient manner possible given the number of cases on which they are jointly working.  Further complicating the completion of discovery in this matter is that counsel for both parties had been preparing for a trial which was scheduled to begin on September 8, 2008 in Alameda Superior Court in the matter of *Anne-Cecile Madigan and Paul Madigan v. Allen Chin, et. al.*, Case No. RG07324289.  That matter has just recently settled.  Counsel for the parties have also been preparing for another trial which is scheduled to begin on October 14, 2008, in Los Angeles Superior Court in the matter of *Wayne Berry v. Vessel Management Services, Inc. and Crowley Towing and Transportation Company,* Case No. NC039981.  These two cases (with trial dates preceding the date in this actin) have been consuming a considerable amount of counsel's time.

## **CONCLUSION**

Based upon the above, the parties respectfully request that the jury selection date of November 10, 2008 and the trial date of November 12, 2008 be continued to March 2, 2009 to allow for the completion of discovery so that the parties will be in a position to properly evaluate the case.  The parties also request that the Pretrial Conference be continued to a date approximately two-weeks before the Trial Date.  The parties therefore request that the following schedule be adopted by the Court:

| | |
|---|---|
| Ten Day Jury Trial: | March 2, 2009 at 8:30 a.m. |
| Pretrial Conference: | February 19, 2009 at 3:30 p.m. |
| Last Day to Hear Dispositive Motions: | February 5, 2009 |
| Expert Discovery Cut-off: | January 30, 2008 |
| Simultaneous exchange of expert reports: | January 16, 2008 |
| Fact Discovery Cut-off: | January 16, 2008 |

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520

-4-                                         Case No. C 07-03318 VRW
STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE TRIAL DATE AND RELATED DEADLINES

|   |   |
|---|---|
|   | Respectfully Submitted, |
| Dated: August 18, 2008 | BANNING, MICKLOW & BULL<br>Attorneys for Plaintiff<br>SAMUEL GARRETT |
|   | By \_\_\_\_/S/ Edward M. Bull III_____<br>         Edward M. Bull III |
| Dated: August 21, 2008 | COX, WOOTTON, GRIFFIN,<br>HANSEN & POULOS, LLP<br>Attorneys for Defendant,<br>MAERSK LINE, LTD. |
|   | By: \_\_\_\_/S/ Marc T. Cefalu_____<br>         Terence S. Cox<br>         Marc T. Cefalu |

### [PROPOSED] ORDER

**PURSUANT TO STIPULATION IT IS HEREBY ORDERED THAT** the currently scheduled Jury Selection date of November 10, 2008, the Trial date of November 12, 2008 and the Pretrial Conference date of November 6, 2008 are vacated.  The Court orders that the following schedule be adopted:

| | |
|---|---|
| Ten Day Jury Trial: | March 2, 2009 at 8:30 a.m. |
| Pretrial Conference: | February 19, 2009 at 3:30 p.m. |
| Last Day to Hear Dispositive Motions: | February 5, 2009 |
| Expert Discovery Cut-off: | January 30, 2008 |
| Simultaneous exchange of expert reports: | January 16, 2008 |
| Fact Discovery Cut-off: | January 16, 2008 |

**IT IS SO ORDERED.**

Date: August \_\_\_\_, 2008          By: _____
                                             The Honorable Vaughn R. Walker
                                             Chief Judge
                                             United States District Court

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

MAERSK.Garrett/2520